Good morning, Your Honor. Mr. Guajardo, it's good to see you back again, twice in the same week. Thank you. It's good to be here. Would you introduce yourself for the record, please? Martin Guajardo on behalf of, to tender Paul's thing. This case began with a number of issues that we've now narrowed down as time has passed. The issue initially for us was whether 212-H would be available, and that has long since been addressed by the court in Tanguchi, the decision that was rendered last year. So 212-H as a waiver for someone who has had lawful permanent residence is no longer available. That was certainly one of the questions that we raised before the immigration judge. Secondly, the question of the particularly serious crime. We've had a number of cases that now have addressed the issue of particularly serious crime, and in this case there is no question that the conviction of the petitioner, which was under California Penal Code 245-A1, assault with a deadly weapon, not a handgun, that, if you will, has also been put to the side. The question now is, did the district court have jurisdiction over the Convention Against Torture claim? And this court actually has addressed that issue in the Ramiro-Cornejo-Barreto case that the government has, just as of yesterday, brought to the court's attention. And in that case we were- Now, that gets into the issue of the Convention Against Torture. Yes. And I think what we have to grapple with here in this case, as the court addressed in Cornejo-Barreto, is habeas jurisdiction now withdrawn, if you will? Is it limited at the district court if we look at a CAT claim as being a discretionary issue if the Convention Against Torture relief that is sought, is there a discretionary denial? And is that issue now one of discretion, or is it one that the court continues to maintain jurisdiction over? I think in Barreto what this court did is it found that habeas jurisdiction was not restricted. That case came up in the context of an extradition case looking at the APA, and this court, as I read Cornejo-Barreto, found that the habeas jurisdiction was not- that the district court continued to have habeas jurisdiction over that. In the context of our claim before the immigration court, the immigration judge and the board both found that they would deny the Convention Against Torture relief. But what was the showing? If you invoke the convention, it's up to you to show that if this person were returned, he'd be tortured. Factually, what we have is we have the testimony of the petitioner's father in court, indicating that because of the difficulties that he had with his wife's family, that he felt that if his son were to be returned to India, that he would either be arrested, that he would suffer harm, and he proceeded to testify to that. But your client's father himself has gone back to India on several occasions, just not to the area where his former wife's relatives currently live, and he suffered no torture, no reprisal, no physical assault. Why would that not be the probable scenario if your client were returned to India, but just not to the same region? I think that's a real difficult question for us to respond, but to the extent that we can, I think that in some instances you may have an individual, even today, that is granted asylum from a particular country, and they may at some point return to that country, and because they are outside of that one specific area, they may be able to avoid arrest, harassment, physical abuse, but it may be more a matter of luck than it is something that they can plan on each and every time. Well, I don't think a court has to find that there is no potential hiding place in any country in the world, or in every country in the world, where somebody might be subject to being removed or returned or deported. But where there's a risk that may be countrywide, it won't almost always arise out of high-ranking government officials or agencies or establishments or bureaucracies that would have a continuing ostensible motive to retaliate against the returning. I mean, that's what you would need to find that a whole country can't be considered to be safe for return, and none of that is present in this record, correct? I think that is correct. We do not have an exhaustive factual finding, if you will, to support that countrywide there is no safe haven for the petitioner. I'm not certain that I would be inclined to agree that the standard has to be that there is absolutely no safe place in the country that one can return. I hope that I didn't suggest that it was. I'm not aware of any authority that provides for that conclusion. But I think that in the instance where there's been, if you will, the preponderance of the evidence from the testimony received during the hearing, that an individual may in fact objectively, looking at those facts, that that individual may be subject to arrest, may be subject to torture, and that there is no protection available to him, I think that that's what the attempt was made at the hearing to do. So I'll save two minutes. You may do so, Mr. Guajardo. Mr. Brownstein, we saw you earlier this week as well. May it please the Court, Josh Brownstein for the United States. I believe that counsel has just conceded the issue with respect to whether his client's crime constituted a particularly serious crime. In the event that I'm mistaken about that. You better lay that out. I'm not sure I heard that, but I don't think I did. I thought he said, and I was still getting ready my papers, but I thought he said that that claim, that the only claim before the Court is the CAC claim. And, Judge O'Skellin, since you did not hear that, then I'd like to take a moment to address the two issues that. . . I think he's preserving both claims. I see, Your Honor. Then I'd like to address them. The first is that the district court lacked jurisdiction over the entire habeas claim. I should say that's the primary argument. And the two sub-arguments are that it lacked jurisdiction over the question of whether the crime constituted a particularly serious crime. And the second sub-argument is, of course, that it lacked jurisdiction over the CAC claim in this case. The government isn't seriously arguing in light of Cornejo now that there's no jurisdiction to look at the torture claim, is it? Yes, Your Honor, we are. But we would argue that, as we did in our brief, and we, of course, have alerted the Court to the Cornejo case, we do not believe it was posited in this case because of the manner in which we distinguished it. But more important than that, Your Honor, is that the district court in this case lacked habeas jurisdiction over this CAC claim because in this CAC claim there was nothing more than an attempt to get the Court to reweigh the factual inquiry and the factual determination of the immigration judge and the board. And under this Court's decision in Gutierrez-Chavez, there is no question that this Court has found the limited review, the scope of review in habeas is limited to constitutional and statutory claims. So what we're saying is the Court simply does not need to reach the question that arose potentially or arguably in the Cornejo case. The issue there was whether habeas ---- Now, Mr. Guajardo has given us all, I assume you have a copy of this as well, a cite to Ogbog-Dingpa, I guess. The Ogbog-Dingpa case in the Third Circuit, Your Honor. Which is relevant to the CAC claim issue, right? It would be relevant to the CAC claim, but again, as I'm attempting to distinguish, the issue that this Court should address need not be the issue whether CAC is available or rather habeas review is available for a CAC claim or any CAC claim. The question here is this CAC claim, because the petitioner did not at any time and has not raised a statutory or constitutional challenge in habeas. All he did in this case, and we discussed this in our case, all he did in this case was ask the district court to say, I disagree with the factual determinations of the board and immigration judge. He has never raised a statutory or constitutional claim, and this Court could not have stated more clearly in Gutierrez-Chavez, or as it did in Gutierrez-Chavez, that no habeas jurisdiction lies over a challenge to, in that case, discretionary denial of relief. And the Court stated, quote, We remain convinced that habeas review under Section 2241 is limited only to claims of constitutional or statutory error. Neither such claim was raised in this case in the district court. So again, this is not a question of, or should not be, because the Court does not need to reach it, a question of whether the Cornejo case controls habeas in CAC. We disagree that it does, as we note in our 28-J letter. But it's the law of our circuit. You may want to take it up with the Supreme Court, but at the moment, Cornejo-Baretto is the law of the circuit. We would respectfully submit, Your Honor, that it is at this point, because the Secretary of State has not chosen yet, as far as I understand, to extradite Mr. Cornejo-Baretto, that this issue is not ripe. How do you read our Cornejo-Baretto case? What's its holding as you look at it? We would, in terms of establishing or recognizing habeas jurisdiction to entertain CAC claims. I think that the holding, well, I think that the holding is distinguished because of the, first of all, the fact that that claim, the Court did not reach the merits of the claim in that case. And as Judge Kaczynski noted in his concurrence, that the Court should not reach that issue at all or should not have reached that issue at all. So we would submit, as we do in our 28-J letter, that that issue was not ripe for determination. And even if it was, that the case arose because we believe that that decision arose because the Court believed that APA jurisdiction, that the Court believed that the APA jurisdiction should be available to an alien in such a case. As we know, the APA does not govern immigration cases. Certainly the only way to get an immigration case to the Court is through a petition for review under Section 242 of the INA. So it's distinguishable in a couple of ways. But again, Your Honor, the smaller sub-issue there that the Court should determine that the district court lacked jurisdiction under is that there was never a pure question of law raised. And are you trying to argue then on the first part of this appeal, relating to the claim as to whether it was a particularly serious crime, if there were no habeas jurisdiction, then that would preclude the entertainment of habeas jurisdiction for the claim relating to the Convention Against Torture? Not exactly, Judge Matz. Those are two separate inquiries. The first, and I've got four minutes to explain what I mean again. The first is, with respect to the particularly serious crime, I think that that is an easy determination, but separate from the Catt claim. The particularly serious crime issue, I think, is easily disposed of reading the Matsuk case in this case in conjunction with the Gutierrez-Chavez case. Because in Matsuk, the Court said the inquiry of whether a crime is a particularly serious crime is a purely discretionary decision over which the Court does not have jurisdiction in a petition for review. Read in conjunction with Gutierrez-Chavez, which said there is no habeas jurisdiction over discretionary decisions, I think that it's unmistakable that the district court lacked jurisdiction over that claim. Now, turning to the separate and distinct issue of Catt, we understand that there is an issue as to whether, and the Second Circuit and the Third Circuit have decided it, as to whether Catt claims are cognizable in habeas at all. I think the First Circuit has also in the St. Fords case. I think it may have, Your Honor. However, for purposes of this case, our position is that there is no habeas jurisdiction over this Catt claim because habeas, as this Court has unmistakably held, habeas is limited to issues of constitutional or statutory error. And that's, again, Your Honor. And as you see, the Catt issue here is what? That the INS erred in the way it determined the facts as to whether Catt applied or not? That is yes, Your Honor. I know what you're saying. That kind of claim is not a statutory claim? That is not a statutory claim. He's asking this Court to do what, in Gutierrez-Chavez, it said that it would not do, and that is, in Gutierrez-Chavez, the Court said, we hold that 28 U.S.C. 2241 does not allow us, in the absence of constitutional or statutory error, to second-guess the manner in which the INS chooses to exercise the discretion given in a particular case. What his petition for habeas corpus asks the district court to do is merely to say that based on the facts that you have presented, the immigration judge and the board should have decided in your favor. That is precisely the kind of reweighing of facts that the habeas corpus statute should not encompass because it's a very limited review. If he had said that I was not permitted, for example, to put on evidence of a certain claim or a certain aspect of the claim, and I was therefore denied due process, that may be cognizable in habeas. Well, how would one properly, according to your analysis, invoke the Convention Against Torture? How would you get into Federal court? If it's a criminal alien in a case such as this, where there is no jurisdiction, Your Honor, we would submit that there is no review under the Convention Against Torture, that the alien does not have a review, and that's because, in that belief factor — But even under Cornejo-Vareto? That would — well, that's the — to the extent that the Court disagrees with our position that Cornejo-Vareto is not — did not reach or should not have reached that issue or did not reach that issue, because it's not — I'm having difficulty understanding your position because I have to accept Cornejo as the law of my circuit. Your Honor, it's our position — The government may disagree with it, which I understand, but the problem is that so far as this case is concerned, that's good law. Our position is that — Well, no, our issue is — You have to accept it only if it's a holding in the case, right? Right, Your Honor. And as you concurred in the Johnson case, that was — in that case, and we've not cited that, but that's a 2001 case, only those issues necessary to a judgment become holdings binding on later panels. And in the Cornejo case, the issue was not a holding that — with respect to the cat claim, and the Court said that it would not reach the merits of that claim. Well, your argument is — I think your argument is that it's a little bit speculative in that case because it really depended upon what the State Department did, right? And has not yet done, Your Honor. And that action has not yet been taken. At the time this opinion was issued, right? That is correct, Your Honor. The Court stated in that case, we may not reach the merits of Cornejo-Vareto's claim at this time. Habeas corpus is review available only when no other relief is available. And so the Court's decision did not turn, or rather was not dependent upon, the determination of whether the cat claim was properly exercised or not. And Judge Kaczynski went on to say as much. He noted that the — he would hold only that the district court does not have jurisdiction to review the claim under the torture convention because the FARA does not authorize judicial enforcement of the convention. Thank you, counsel. Your time has expired. Thank you. Mr. Guajardo, you still have some reserve time. Thank you. What is the scope of Habeas jurisdiction? I think that in looking at this case, we have to look at what was the interpretation and the application of the statute before the Board of Immigration Appeals and before the immigration judge. That is what the district court reviews. And I think Barreto-Cornejo puts us in that position where the court unequivocally has that authority. It has that jurisdiction. We are not asking this court or the district court to give us a different result on a discretionary issue, such as the Gutierrez case where you're looking at. Should the waiver have been granted for a criminal alien because he qualifies for 212C, and in the case of Gutierrez, notwithstanding that we had a string of drug sales in the early 90s, that the judge found in Gutierrez, the immigration judge found that that conduct did not — that his equities did not outweigh that conduct that he was involved in, those convictions. Mr. Guajardo, what's your response to the government's argument that Habeas jurisdiction over CAD claims applies only to constitutional and statutory challenges, and yours is not that kind of a case? This is not that kind of a case. It seems to me that what we have is the constitutional challenge, if you will, is did the agency interpret or apply the statute correctly, and that the district court can do in looking at what occurred. Well, when you say correctly, I mean, what's the test? Is that the substantial evidence review, or what is it? What do you mean by did it apply correctly? Did we have a proper application of the statute before the immigration judge? What interpretation was given by — Don't you have to make out either a due process or equal protection claim out of that? I mean, it's more than just an interpretation of the law, right? That is correct. But in this instance, if we have the testimony of the family members saying to the court, setting forth what they viewed, the massacre that occurred at the temple, what they actually viewed when they were there, and we find that the judge now denies the claim, there needs to be review of that in district court. We all know that we've had changes that have occurred as a result of ADEPA and as a result of IRA. Previously, we were able to go to the district court, and the question is does the door now close completely for us in being able to raise these questions for review with the district court. Thank you. Thank you. Mr. Guajardo, your time has expired. The case just argued will be submitted for decision.
judges: O'scannlain, Tashima, Matz